# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS SOCHA,**

        Petitioner,

   -vs-                             **Case No. 08-C-994**

**WILLIAM POLLARD,**

        Respondent.

## DECISION AND ORDER

This matter comes before the Court on the respondent's motion to dismiss Thomas Socha's ("Socha") petition for a writ of habeas corpus, 28 U.S.C. § 2254, as untimely filed. Socha's conviction became final on April 17, 2007, meaning that he had until July 17, 2008 to commence this action. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (limitations period begins to run 90 days after judgment of conviction becomes final).

Instead of filing his petition, Socha filed a miscellaneous action just before the limitations period expired, asking for a 90-day extension of time to file his petition. *See Socha v. Wisconsin Attorney General*, 08-MISC-36 (E.D. Wis.). This motion was eventually granted on September 19, 2008. (D. 3). On October 15, Socha filed a motion in 08-MISC-36 to indefinitely toll the limitations period. This motion was denied on October 20. Socha finally filed the instant petition on November 19, 2008.

Socha invokes the doctrine of equitable tolling. This doctrine is rarely applied because it is only available when "extraordinary circumstances outside of the petitioner's

control prevent timely filing of the habeas petition." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). In the Seventh Circuit, it is not entirely clear that the doctrine of equitable tolling even applies to the filing deadline for a § 2254 petition. *See Modrowski v. Mote*, 322 F.3d 965, 967 n.2 (7th Cir. 2003); *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008).

Assuming that the doctrine applies in this context, Socha's arguments are without merit. Socha argues that delays in obtaining transcripts, delays in obtaining file materials from his attorney, and a stint in prison segregation prevented him from timely filing this action. None of these factors, taken separately or in combination, are sufficient to justify invocation of the doctrine of equitable tolling. *See, e.g., Modrowski* at 967 (equitable tolling does not apply in case involving attorney neglect or incapacity); *Lloyd v. VanNatta*, 296 F.3d 630, 633-34 (7th Cir. 2002) (inability to gain access to trial transcripts); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (equitable tolling not justified when a habeas petitioner was placed into segregation for 60 days during which time he had no access to the library). As another district court observed, a prisoner placed in solitary confinement "has no one to blame but himself for his increased hardship in filing a timely habeas petition." *Hizbullahankhamon v. Walker*, 105 F. Supp. 2d 339, 344 (S.D.N.Y. 2000).

Socha also cites one of § 2254's statutory tolling provisions, § 2244(d)(1)(B), which provides that the limitations period does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action..." Some cases interpreting this provision hold that an inadequate prison law

library may constitute a "state-created impediment" if the applicant was prevented from accessing necessary information for his petition. *See, e.g., Moore v. Battaglia*, 476 F.3d 504, 508 (7th Cir. 2007); *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003) (failure to provide a copy of the very statute that was being used to render the petitioner's petition time-barred constitutes an impediment for purposes of § 2244(d)(1)(B)). Socha's argument centers on his placement in administrative segregation, not on the adequacy of the law library at his prison. Even if placement in solitary confinement without access to legal materials could be considered an unconstitutional state-created impediment,[1] Socha fails to demonstrate that he was otherwise diligently pursuing his claims. *See, e.g., Hullum v. Maloney*, 14 F. Supp. 2d 164, 166 (D. Mass. 1998) (prisoner housed in disciplinary unit without access to AEDPA must show that he diligently pursued his federal claims but was prevented from doing so as a result of deficiencies in the prison library). Therefore, the tolling provision in § 2244(d)(1)(B) does not apply to Socha's petition.

Finally, the order granting Socha's request for an extension in Case No. 08-MISC-36 cannot save the instant petition. A federal court lacks jurisdiction to consider the timeliness of a habeas action until after the action is actually filed. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000); *see also Mulholland v. Hornbeck*, No. EDCV 08-00823-MLG, 2008 WL 4554780 at *3 (C.D. Cal. Oct. 8, 2008); *Pounds v. Quarterman*, No. 3:08-CV-416-K ECF, 2008 WL 1776456 at *1 (N.D. Tex. April 14, 2008). The September 19, 2008 Order which granted Socha's request for a 90-day extension was an advisory opinion because there

---

[1] Placement in segregation, solitary confinement, or prison lockdown is not unconstitutional if it is related to a legitimate penological interest. *See, e.g., Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000).

-3-

was no case or controversy presented by the miscellaneous action. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Respondent's motion to dismiss [D. 15] is **GRANTED**;

2. Socha's motion for appointment of counsel [D. 19] is **DENIED**; and

3. This matter is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2009.

                  **SO ORDERED,**

                  *s/ Rudolph T. Randa*
                  **HON. RUDOLPH T. RANDA**
                  **Chief Judge**